UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRICKET COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| MARK DESMOND SPENCER, | ) | |
| WIRELESS ONE COMMUNICATIONS, | ) | |
| INC. d/b/a WIRELESS PARTNERS, and | ) | |
| PHYLLIS SPENCER, | ) | |
| | ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court upon Cricket Communications, Inc.'s Motion for Temporary Restraining Order. The Court, having considered the motion, the memorandum in support thereof, Cricket's Verified Complaint, the declaration of Errick Calloway and the entire record, and being otherwise sufficiently advised hereby finds as follows:

1. This is an action for temporary restraining order, preliminary injunction, and permanent injunction to prevent Defendants Mark Desmond Spencer, individually and as the sole proprietor of Wireless One Communications, an unincorporated entity; Phyllis Spencer; Wireless One Communications, Inc., (the unincorporated and incorporated entities are collectively referred herein to as "Wireless One"); its owners, shareholders, members, officers, partners, and directors ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest ("Affiliated Entity"), including Wireless One Partners; its principals, officers, directors, employees, agents, and any successor entity, including Wireless One Partners; and all persons acting in concert with or in active participation with them from violating Wireless One's Amended and Restated Dealer Agreement ("Dealer Agreement") with Cricket, in which Wireless

7/3160639.1

One agreed, among other things, that it would not compete with Cricket or solicit, divert, or attempt to divert its customers for a period of six months following termination of the Dealer Agreement. Pursuant to the Dealer Agreement, the parties agreed that all injunctive disputes relating to the Dealer Agreement may be brought in this Court.

2. Pursuant to the Dealer Agreement, Wireless One agreed to promote and sell Cricket's products and services exclusively. As an exclusive dealer, Wireless One agreed as follows:

> . . . that within a two (2) mile radius of each of its store locations and during the term of this Agreement, neither Dealer nor any Affiliated Persons and/or Affiliated Entity will (i) directly or indirectly sell, contract to sell, or promote the sale of any non-Cricket affiliated, pre-paid or paid-in-advance wireless phone, wireless internet data service, or service plan that offers unlimited local and/or long distance calls or wireless internet service for a flat price, or (ii) offer the wireless telephones and/or data modems and/or services of any other commercial wireless telephone carrier in Dealer's store locations while Dealer is also selling devices pursuant to this Agreement unless such phone has been configured for service on Cricket's wireless network.

Dealer Agreement, ¶ 8(h).

3. The Dealer Agreement provides that Wireless One shall not divert Cricket customers during the term of the agreement and for six month following termination:

> During the term of this Agreement and for a period of six (6) months after termination of this Agreement (whether voluntary or involuntary, with or without cause), Dealer, its Principals, officers, directors, employees, agents and any successor entity to Dealer shall not at any time (i) request any Customer to curtail or cancel its business with Cricket, or (ii) otherwise solicit, divert or attempt to divert any such Customer from patronizing Cricket.

Dealer Agreement, ¶ 8(a).

4. Pursuant to the Dealer Agreement, Wireless One acknowledged that it received confidential and proprietary information of Cricket, including its customer lists, and agreed on behalf of itself, and its principals, officers, directors, employees, agents and successor entities,

not to use or disclose Cricket's confidential and proprietary information during the term of the Agreement and for *three years* thereafter. Dealer Agreement, ¶¶ 8(b)-(c).

5. The Dealer Agreement contains a six-month non-compete period after termination or expiration of the agreement:

> <u>Non-Compete Period After Termination.</u> Dealer covenants and agrees that during the Term of this Agreement and for a period of at least *six (6) months* following any termination or expiration of this Agreement, Dealers shall not, and will cause its owners, shareholders, members, officers, partners, and directors, ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest ("Affiliated Entity"), not to directly or indirectly (including by licensing) engage or participate in, or acquire, manage, operate, control or participate in the management, operation or control of, either alone or jointly, any entity that engages in the sale, resale or distribution of any wireless telephone or wireless internet data service including, without limitation, any other wireless phone, or wireless internet service, or service plan that offers unlimited local and/or long distance calls and/or unlimited wireless internet service for a flat price, within a two (2) mile radius of Dealer's Cricket store locations. If Dealer breaches this covenant, then, in addition to any other legal or equitable remedy that Cricket may have, the post-termination period of this covenant will be extended for one (1) day for each day during which the Dealer's breach was ongoing.

Dealer Agreement, ¶ 8(g) (emphasis added).

6. Pursuant to the Dealer Agreement, "Cricket shall have the right and privilege to obtain, without the necessity of posting bond therefore, and in addition to any other remedies that may be available, equitable relief, including preliminary, temporary, and permanent injunctive relief, to cease or prevent any actual or threatened violation." Dealer Agreement, ¶ 8(i).

7. On June 7, 2012, Mark Desmond executed a renewal of the Dealer Agreement.

8. On January 8, 2013, Wireless One was operating six Cricket locations in the Philadelphia Area.

9. On June 5, 2013, the store location at 3000 Island Avenue, Philadelphia, Pennsylvania 19153, formerly operated as a Cricket store by Wireless One, was open and selling wireless telephone products and services of competing entities.

- 3 -

7/3160639.1

Case 3:13-cv-00642   Document 7   Filed 06/28/13   Page 3 of 8 PageID #: 82

10. On June 6, 2013, the store location at 5610 Lancaster Avenue, Philadelphia, Pennsylvania 19181, formerly operated as a Cricket store by Wireless One, was open and selling wireless telephone products and services of competing entities. On that date, store employees were telling customers that the Cricket store was closing and leaving the market and offering credits to customers if they would switch their wireless telephone service plan from Cricket.

11. The former Cricket store located at Lancaster Avenue remains open. Wireless One continues to operate the Lancaster Avenue store using the trade name Wireless Partners 56th Street and display Cricket signage and hold itself out as a Cricket dealer. At the location, Wireless One is selling wireless telephones and services of competing entities, and is soliciting, diverting, and attempting to divert Cricket customers to other commercial wireless telephone carriers.

12. The former Cricket store located at Island Avenue remains open. Wireless One continues to operate the Island Avenue store, using the trade name Wireless Partners Island Ave, and display Cricket signage and hold itself out as a Cricket dealer. At the location, Wireless One is selling wireless telephones and services of competing entities, and is soliciting, diverting, and attempting to divert Cricket customers to other commercial wireless telephone carriers.

13. The former Cricket store located at 712 E. Lincoln Highway, Coatesville, Pennsylvania 19320, remains open. Wireless One continues to operate the Lincoln Highway store under the trade name Wireless Partners Coatesville, is selling wireless telephones and services of competing entities, and is soliciting, diverting, and attempting to divert Cricket customers to other commercial wireless telephone carriers.

14. As of June 19, 2013, the former Cricket store located at 1560 N. Olden Avenue, Ewing Township, New Jersey 08618, remained open. Wireless One continues to operate the

Olden Avenue store, is selling wireless telephones and services of competing entities, and is soliciting, diverting, and attempting to divert Cricket customers to other commercial wireless telephone carriers.

15. Wireless One's actions constitute violations of the Dealer Agreement, including the non-compete provision, the non-diversion provision, and the confidentiality provisions of the Dealer Agreement.

16. Cricket terminated the Dealer Agreement as a result of Defendants' breaches thereof.

17. Cricket will suffer immediate, substantial, and irreparable harm—the continued diversion of its present customers at the former Cricket locations operated by Wireless One to a competing carrier's services and products—unless Wireless One is enjoined from unlawfully and unfairly competing with Cricket in violation of the Dealer Agreement.

18. Cricket has a legitimate business interest in maintaining its customers. During the term of the Dealer Agreement, Wireless One and its employees served as the face of Cricket to its customers: selling Cricket products, performing customer service, and accessing Cricket systems. Cricket's customers do not have long-term contracts. As a result, Cricket customers visit Cricket stores to pay their monthly bills and to renew their service for the next month. Every customer has the option at the end of the month to renew with Cricket or to cancel service. If Cricket customers visit their usual store locations, which continue to display Cricket signage and hold themselves out as Cricket stores, to renew their monthly service and are offered competing plans and incentives to cancel their service with Cricket, it is likely, for reasons of convenience or confusion, that a substantial number of Cricket customers will switch their service to a competing service.

19. The threat of irreparable harm to Cricket outweighs any harm Wireless One might suffer if injunctive relief is granted. Wireless One will not be harmed by being compelled to comply with the Dealer Agreement. Cricket seeks to prevent what Wireless One has no legal right to do, i.e., violate the Dealer Agreement by diverting Cricket customers to other wireless carriers and competing with Cricket within the six months after termination and within a two-mile radius of any of Wireless One's former Cricket store locations.

20. There is a strong likelihood that Cricket will prevail on the merits. The non-compete and non-diversion provisions of the Dealer Agreement are narrowly tailored, reasonable, and enforceable. Wireless One has violated the non-compete and non-diversion provisions by selling (directly or indirectly, through its Affiliated Persons, Affiliated Entities, principals, officers, directors, employees, agents, or successor entities, including Wireless One Partners) the products and services of other wireless carriers and soliciting, diverting, and attempting to divert Cricket customers to other commercial wireless telephone carriers.

21. The injunctive relief requested by Cricket will not adversely affect the public interest. The public interest weighs in favor of injunctive relief to enforce the non-compete and non-diversion provisions of the Dealer Agreement. An injunction order in this action will serve to advance the important public interest in favor of freely negotiated business contracts freely and protecting companies from unfair competition.

Based upon the forgoing, the Court hereby ORDERS as follows:

1. Cricket's Motion for Temporary Restraining Order is GRANTED;

2. Mark Desmond, Phyllis Spencer, Wireless One, its Affiliated Persons, its Affiliated Entities, its principals, officers, directors, employees, agents, successor entities, including Wireless One Partners, and all persons acting in concert with or in active participation

7/3160639.1

with Wireless One are hereby ENJOINED from violating the non-competition provision, Section 8(g) of the Dealer Agreement; the non-diversion provision, Section 8(a) of the Dealer Agreement; the confidentiality provisions and other obligations owed to Cricket.

3. Mark Desmond, Phyllis Spencer, Wireless One, its Affiliated Persons, its Affiliated Entities, its principals, officers, directors, employees, agents, successor entities, including Wireless One Partner, and all persons acting in concert or in active participation with them are ENJOINED from, directly or indirectly:

(a) soliciting, diverting or attempting to divert Cricket's customers in violation of Section 8(a) of the Dealer Agreement;

(b) at a store location identified in the Dealer Agreement and within two miles of any store location, engaging or participating in, or acquiring, managing, operating, controlling or participating in the management, operation or control of any entity that engages in the business of the sale, resale, or distribution of any wireless telephone or wireless internet data service (including, without limitation, any other wireless phone, or wireless internet service, or service plan that offers unlimited local and/or long distance calls and/or unlimited wireless internet service for a flat price) in violation of Section 8(g) of the Dealer Agreement; and

(c) using or disclosing Cricket's confidential and proprietary information, including their knowledge of Cricket's Customers and prospects and financial information, including pricing.

4. This Temporary Restraining Order applies to all store locations identified in the Dealer Agreement, including the store locations where specific violations have occurred, including, but not limited to the following:

7/3160639.1

3000 Island Avenue, Philadelphia, Pennsylvania 19153;
5610 Lancaster Avenue, Philadelphia, Pennsylvania 19181;
712 E. Lincoln Highway, Coatesville, Pennsylvania 19320; and
1560 N. Olden Avenue, Ewing Township, New Jersey 08618.

5. Pursuant to Section 8(i) of the Dealer Agreement, Cricket is not required to post a bond, pending further order of the Court.

6. The Court sets a hearing on Cricket's preliminary injunction on Thursday, July 11, 2013 @ 10:30

7. The Court's automatic stay of discovery is lifted to permit the parties discovery necessary for the hearing on the motion for preliminary injunction.

**ENTERED:** June 28th at 4:45 p.m.

_____
Judge, United States District Court
Kevin H. Sharp

- 8 -

7/3160639.1