UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-00642 |
| MARK DESMOND SPENCER, WIRELESS ONE COMMUNICATIONS, INC. d/b/a WIRELESS PARTNERS, and PHYLLIS SPENCER, | ) JUDGE SHARP |
| Defendants. | ) |

## AGREED INJUNCTION AND ORDER OF DISMISSAL

This matter is before the Court upon the agreement of the parties, as evidenced by their signatures below. Based upon the agreement of the Parties, the Court orders as follows:

1. This is an action for an injunction to prevent Defendants Mark Desmond Spencer, individually and as the sole proprietor of Wireless One Communications, an unincorporated entity; Phyllis Spencer; Wireless One Communications, Inc. (the unincorporated and incorporated entities are collectively referred herein to as "Wireless One"); its owners, shareholders, members, officers, partners, and directors ("Affiliated Persons") and any entity in which an Affiliated Person owns an interest ("Affiliated Entity"), including Wireless One Partners; its principals, officers, directors, employees, agents, and any successor entity, including Wireless Partners; and all persons acting in concert with or in active participation with them from violating Wireless One's Amended and Restated Dealer Agreement ("Dealer Agreement") with Cricket, in which Wireless One agreed, among other things, that it would not compete with Cricket or solicit, divert, or attempt to divert Cricket's customers for a period of six months

1

following termination of the Dealer Agreement. Pursuant to the Dealer Agreement, the parties agreed that all injunctive disputes relating to the Dealer Agreement may be brought in this Court.

2. Based upon the Parties' agreement, Mark Desmond, Phyllis Spencer, Wireless One, its Affiliated Persons, its Affiliated Entities, its principals, officers, directors, employees, agents, successor entities, including Wireless Partners, and all persons acting in concert with or in active participation with them are hereby ENJOINED from violating the non-competition provision, Section 8(g) of the Dealer Agreement; the non-diversion provision, Section 8(a) of the Dealer Agreement; the confidentiality provisions and other obligations owed to Cricket.

3. From June 28, 2013, and for a period of six months thereafter, Mark Desmond, Phyllis Spencer, Wireless One, its Affiliated Persons, its Affiliated Entities, its principals, officers, directors, employees, agents, successor entities, including Wireless Partners, and all persons acting in concert or in active participation with them are ENJOINED from, directly or indirectly:

> (a) soliciting, diverting or attempting to divert Cricket's customers in violation of Section 8(a) of the Dealer Agreement; and
>
> (b) at a store location identified in the Dealer Agreement and within two miles of any such store location, from engaging or participating in, or acquiring, managing, operating, controlling or participating in the management, operation or control of any entity that engages in the business of the sale, resale, or distribution of any wireless telephone or wireless internet data service (including, without limitation, any other wireless phone, or wireless internet service, or service plan that offers unlimited local and/or long distance calls and/or unlimited wireless internet service for a flat price) in violation of Section 8(g) of the Dealer Agreement.

4. Pursuant to Sections 8(a) and 8(g) of the Dealer Agreement, this Injunction is in force for a period of six months following the date of the Court's Temporary Restraining Order, which was June 28, 2013.

5. This Injunction applies to all store locations identified in the Dealer Agreement, including, but not limited to the following:

    3000 Island Avenue, Philadelphia, Pennsylvania 19153;
    5610 Lancaster Avenue, Philadelphia, Pennsylvania 19181;
    670 N. 52nd Street, Philadelphia, PA 19139;
    712 E. Lincoln Highway, Coatesville, Pennsylvania 19320; and
    1560 N. Olden Avenue, Ewing Township, New Jersey 08618.

6. Pursuant to Section 8(i), Cricket is not required to post a bond and its bond is released.

7. The Court is advised that the Parties have otherwise resolved their disputes, this Injunction being a stipulation to the resolution of the action. As a result, based upon the agreement of the Parties, the Court hereby DISMISSES this action with prejudice. The Court, however, will retain jurisdiction over any violations of this Injunction.

ENTERED: _____

_____
Hon. Kevin H. Sharp, Judge
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

HAVE SEEN AND AGREED TO:

*s/ Russell B. Morgan*
Russell B. Morgan (No. 20218)
Joshua J. Phillips (No. 25636)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
P: (615) 252-2311
F: (615) 252-6311
rmorgan@babc.com
jphillips@babc.com

*Attorneys for Cricket Communications, Inc.*

_____
Mark Desmond Spencer, individually, and as President of Wireless One Communications, Inc.

_____
Phyllis Spencer

4